## AMALGAMATED FOOD AND ALLIED WORKERS DISTRICT UNION NO. 346, Plaintiff,

v.

## SUGAR CREEK PACKING COMPANY, Defendant.

### No. C-2-79-919.

United States District Court, S. D. Ohio, E. D.

April 3, 1980.

Leonard Sigall, Reynoldsburg, Ohio, for plaintiff.

Edward B. Mitchell, Laura M. Franze, Dayton, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the motion of the defendant Sugar Creek Packing Company for summary judgment pursuant to Rule 56, F.R.C.P. There has been no response to the motion. *See* S.D.Ohio R. 3.5.2.

The only basis set forth in the complaint for the plaintiff's claim that this arbitration award should be set aside is that the arbitrator failed to draw the "essence" of the award from the collective bargaining agreement. *United Steelworkers of America v. Enterprise Wheel & Car Corporation*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); *see* 9 U.S.C. § 10(d). The determination by a federal court that an award fails to survive a challenge on this basis is a rare one. As the Court of Appeals for the Sixth Circuit has stated:

> [U]nless the award manifests a clear infidelity to the arbitrator's obligation of drawing the "essence" of the award from the bargaining agreement, a court must refuse to substitute its judgment on the merits for that of the arbitrator.

*Timken Co. v. Local Union No. 1123, United Steelworkers of America*, 482 F.2d 1012, 1014 (CA 6, 1973).

It appears from the cases that this perhaps necessarily vague standard can be most workably applied by considering two factors. The first is whether it can fairly be said that the arbitrator has focused upon the provisions of the collective bargaining agreement and that the award is therefore based upon an interpretation of those provisions. This inquiry ensures that the arbitrator has attempted to discover the actual agreement of the parties rather than considering other policies and then dispensing "his own brand of industrial justice." *Steelworkers v. Enterprise Wheel & Car Corp., supra*, 363 U.S. at 597, 80 S.Ct. at 1361.

The second factor is whether the award is so clearly wrong as to be irrational. That is, the decision may be " 'unfounded in reason and fact,' . . . [and] based on reasoning 'so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling' . . . ." *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1050 (CA 1, 1977). This second factor requires the Court to measure not only the quality of the arbitrator's reasoning, but also the extent to which the Court can determine that a result other than that reached by the arbitrator is expressly mandated by the collective bargaining agreement. *Cf. The Timken Co. v. United Steelworkers of America*, 492 F.2d 1178, 1180 (CA 6, 1974) (ambiguity in collective bargaining agreement should be resolved by arbitrator).

Applying these standards to the case at bar, it is plain from the written award that the arbitrator reached this result by interpreting the contract and that his reasoning was not so clearly wrong as to be irrational. It is not necessary to repeat the arbitrator's reasoning here, as the failure to respond to the motion by the plaintiff apparently concedes that the motion is meritorious. *See* S.D.Ohio R. 3.5.2.

WHEREUPON, the Court determines that the motion of the defendant is meritorious. There is no genuine issue of material fact, and the defendant is entitled to judg-

ment as a matter of law. Summary judgment is therefore GRANTED in favor of the defendant, and the arbitration award is hereby ENFORCED.

The clerk shall enter final judgment in favor of the defendant.

IT IS SO ORDERED.